REDMANN, Chief Judge.
We granted certiorari to review the overruling of exceptions to jurisdiction by Har-rah’s (a Nevada hotel corporation) and two of its Nevada employees, Ahern and Mor *270 gan. We now affirm as to Harrah’s and reverse as to Ahern and Morgan.
Plaintiffs were solicited in Louisiana by Louisiana resident Zuppardo, a “junket representative” of Harrah’s “sister [Nevada] corporation” Harrah’s Club, to go on a gambling junket to Harrah’s, with free room at Harrah’s and free transportation from New Orleans to Nevada in Harrah’s private airplane. Plaintiffs allege that the Louisiana junket representative told them that problems relative to an existing $12,-000 debt of plaintiffs to Club were over, and plaintiffs therefore accepted the invitation to Harrah’s and transportation by Har-rah’s and on arrival placed their cash in a safety box in Harrah’s; that Harrah’s (and its employee Ahern) then refused them access to their cash unless they gave $2,000 of it to “defendants” plus a $10,000 “marker.” (Morgan’s connection with plaintiffs claim is not alleged.)
Nowhere in petition or affidavits submitted on the hearing of the exception are Harrah’s individual Nevada employees Ahern and Morgan alleged to have any connection with Louisiana (or any executive responsibility for the alleged design to deceive plaintiffs in Louisiana into going to Harrah’s). No basis is shown upon which they could be subject to Louisiana’s jurisdiction.
The position of Harrah’s itself is not as clear. Harrah’s argues that it is doubly isolated from the Louisiana junket representative’s action, in that first the junket representative is an “independent contractor” for Harrah’s Club, and second Har-rah’s Club is a separate corporation from Harrah’s.
The “independent contractor” defense cannot save from either liability or jurisdiction one who arranges to have an “independent contractor” damage another, or to entice him or her to another location where one intends to do the real damage oneself. One cannot hire an assassin and escape liability' with an independent contractor defense. One cannot employ an independent contractor to do piledriving that one knows will damage a neighbor’s building and escape liability on such a defense; D’Albora v. Tulane University, 274 So.2d 825 (La.App. 4 Cir.1973), writ refused 278 So.2d 504 and 505. To suggest that a Nevada corporate entity that solicits Louisiana residents in Louisiana to accept free hotel rooms in Nevada and free transportation to Nevada, in order to induce them to go to Nevada to gamble, is not transacting business or otherwise acting in Louisiana because it solicits through an “independent contractor” is to ignore reality. La.R.S. 13:3201 does not ignore reality. It asserts jurisdiction to decide claims arising out of nonresidents’ acting “directly or by an agent” in specified ways. The only question is whether indeed the nonresident has acted in one of those specified ways; that the nonresident did so through an “independent contractor” does not defeat jurisdiction if otherwise asserted by the statute; see Boykin v. Lindenkranar, 252 So.2d 467 (La.App. 4 Cir.1971), writ refused 260 La. 15, 254 So.2d 618.
Nor, for similar reasons, would jurisdiction in Louisiana be defeated because of corporate separateness in a joint venture between two corporations — especially two ostensibly one, as may be a hotel and the gambling club inside the hotel — to solicit Louisiana residents in Louisiana with the alleged intent previously described.
We conclude that, by having the business solicitor that Club maintains in Louisiana invite plaintiffs to go in Harrah’s plane to Harrah’s in Nevada with the alleged representation that pre-existing debt problems were “over” (impliedly representing in Louisiana that their stay in Nevada would be free of incident related to the pre-existing debt), while allegedly planning a “self-help lien” for that debt on cash plaintiffs might be expected to bring and place in Harrah’s safety box, Harrah’s either transacted business or committed a quasi offense through an act in Louisiana within R.S. 13:3201 (a) or (c).[1] We also *271 conclude that plaintiff's claim would arise out of that alleged transaction of business or that tort in Louisiana.
The broad purpose of Louisiana R.S. 13:3201 is to assert constitutionally permissible jurisdiction. Our ultimate conclusion is that its subds. (a) and (c) are broad enough to overcome the exception to the jurisdiction as to Harrah’s under the circumstances alleged in the petition and affidavits.
Affirmed as to Harrah’s; reversed as to Ahern and Morgan.

. "A court may exercise personal jurisdiction over a nonresident who acts directly or by an *271 agent, as to a cause of action arising from the nonresident’s
"(a) transacting any business in this state; [or]
"(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state”.